VINNIE VAN HOOGENSTYN, RESPONDENT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

1. The Court of Errors and Appeals cannot directly review the order of a single justice of the Supreme, Court where he sits as such and not as the court itself.
2. An appeal under section 27 of the supplement of 1912 to the Practice act cannot be effective until final judgment.
3. The allowance by a justice of the Supreme Court of a *habeas corpus cum causa* to remove an action from the Circuit Court or Common Pleas, rests in his sound discretion and his order denying the writ is not appealable.

On appeal from an order made by the Chief Justice.

Application was made by the defendant to the Chief Justice, as one of the justices of the Supreme Court, for the allowance of a writ of *habeas corpus cum causa* to remove a suit from the Essex Common Pleas to the Supreme Court. No reason was assigned for the removal. The Chief Justice denied the application and the defendant appeals.

For the appellant, *Frederic B. Scott.*

For the respondent, *William L. Brunyate.*

The opinion of the court was delivered by

SWAYZE, J.  This appeal presents several interesting legal novelties.  (1) It purports to be an appeal from the Supreme Court, but is in fact an appeal from a refusal by the Chief Justice alone of an order which by statute is to be made by one of the justices of the Supreme Court, not by the court itself.  (2) It is an attempt to have a case heard in this court before final judgment in any court and upon a mere refusal to issue a special form of process.  (3) It is an attempt to review a matter which is within the discretion of

the justice of the Supreme Court, to whom application is made. ·

1. We hardly need cite authorities for the proposition that this court cannot directly review the order of a single justice of the Supreme Court, where he sits as such, and not as the court itself. The proper practice is pointed out in *Key* v. *Paul*, 61 *N. J. L.* 133. We cannot thus usurp the functions of the Supreme Court. *East Orange* v. *Hussey*, 70 *Id.* 244. Even the *Habeas Corpus* act, in providing for an appeal, is careful to provide that the proceedings shall be first removed by *certiorari* into the Supreme Court; only the final decision of that court can be removed into this. *Comp. Stat.,* *pp.* 2651-53. We do not mean to say that this section is applicable to the present case; we cite it to show the care with which the legislature, in a proceeding involving personal liberty, preserved the constitutional functions of the Supreme Court.

2. It is equally unnecessary to cite authorities for the proposition that an appeal cannot be effective until final judgment. The appeal in this case is taken under the supplement of 1912 to the Practice act. Section 25 permits an appeal where the appellant would formerly have been entitled to a writ of error. *Pamph. L., p.* 382. That there could be no relief by writ of error until after final judgment is elementary learning. Courts of law do not permit the intolerable delay and expense that would arise if interlocutory appeals were permitted from every order that might be incidental to the progress of the cause; by its very terms the writ of error required a return only if judgment be given. The appellant relies upon *Defiance Fruit Co.* v. *Fox,* 76 *N. J. L.* 482; but that case came up only after final judgment. If it be said that the appellant would thus be deprived of any beneficial review, the answer is, first, that such deprivation does not necessarily follow, and second, that the order may be such that it ought not to be reviewed. The deprivation of a review does not necessarily follow since there is an appeal from the single justice to the court *in banc* in one of its parts under Key v. Paul; since, also, if the appellant was entitled

to the order for a *habeas corpus cum causa* as a matter of right as he was at common law, he might have issued his writ and served it upon the Common Pleas and thus ousted that court of jurisdiction, so that any judgment rendered would be erroneous and subject to review. To this it may be answered that the statute requires that the writ be duly allowed by one of the justices. This is true, and is the second and conclusive answer.

3. The history of the legislation as to the writ of *habeas corpus cum causa* for the removal of causes into the Supreme Court, shows that this allowance was meant to be discretionary and was introduced for the correction of an abuse. At common law the writ issued of common right (3 *Bl. Com.* 130), and it was usual for a defendant to sue out the writ, keep it in his pocket without producing it, "till issue was joined, the jury sworn, and the plaintiff had given his evidence; by which means the plaintiff was not only put to considerable expense, but the defendant, knowing beforehand what proofs he could produce, had an opportunity of opposing them by false witnesses." 1 *Tidd Pr.* 405. An interesting history is given by Chief Justice Ewing in *Chandler* v. *Monmouth Bank,* 9 *N. J. L.* 101. Some of these abuses were corrected by the act of 1797, to which Chief Justice Ewing referred. *Pat. L., p.* 258. The right of removal from the Common Pleas to the Supreme Court was limited to cases where debt, damages, matter or thing in controversy exceeded $200; no writ of *habeas corpus* was to be received by the Common Pleas, nor any cause removed by such writ after issue joined upon matter of law or of fact. By section 86 of the Practice act of 1799 (*Pat. L., p.* 364) the defendant on removing a cause by *habeas corpus* was required to enter into recognizance to the plaintiff in double the sum demanded for the payment of the condemnation money and costs in case judgment should pass against him. These provisions applied only to the removal from the Court of Common Pleas. In the act of 1838 to facilitate the administration of justice (*Pamph. L., p.* 61), section 8 authorized the removal to the Supreme Court by *habeas corpus* of suits or

actions originally commenced in the Circuit Court. The conditions were the same as already existed in the case of removals from the Common Pleas, but there was the significant addition that the writ of *habeas corpus* should "be first duly allowed by one of the justices of the said Supreme Court." This provision was re-enacted in the revised statutes of 1846 (*Rev. Stat., p.* 201, § 7), and the old provisions as to removal from the Common Pleas, with which the Circuit Court was now coupled in the act, were re-enacted in the Practice act. *Rev. Stat., p.* 941, §§ 86 to 90, inclusive. So the law remained until the revision of 1874. *Rev.* 1877, *p.* 882, § 222. The two previously existing acts were then combined and the requirement that the writ should be first duly allowed by one of the justices of the Supreme Court became applicable to a removal from the Common Pleas as well as to a removal from the Circuit Court. So the law remains except for slight changes of wording intended to secure conciseness. *Comp. Stat., p.* 4112, § 198. We think the legislature by the addition in 1846 of the requirement that the writ be allowed by a justice, meant to impose a condition of substantial importance similar to the previous limitation to the time before issue joined and the requirement of a recognizance, and that it did not mean merely to impose on the justice the burden of allowing as a mere form a writ that in substance was a writ of right. If it was substantial, the allowance involved some consideration by the justice of the cause of removal and some determination by him of the advisability of removal. No rules were prescribed by the legislature and it was therefore left to his sound discretion. This result, clear upon the history and language of the act, derives additional support from the fact that the writ of *habeas corpus cum causa* has fallen into disuse. Prior to 1839, cases are not uncommon in our reports. This is the first since that year to come before us. No doubt the writ may still be resorted to when for any reason the Circuit Court or Court of Common Pleas cannot be relied on to do justice, or a change of venue is proper, but it ought only to be allowed for good cause shown. No cause was shown or

even alleged in this case and the Chief Justice could not do otherwise than deny the writ.

The result, however, is not an affirmance of his order, but a dismissal of the appeal, for the reason that the order was not appealable. The respondent is entitled to costs.